## NORA E. WHITFORD *vs.* ROWLAND B. PALMER, Town Treasurer.

### MARCH 28, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)   Notice.   Town Council.   Defects in Highways.*

Notice to a member of a town council of a town of a defect in a highway is not actual and express notice of the defect to the town.

*(2)   Defects in Highways.   Evidence.*

In an action for personal injury arising out of a defect in a highway, evidence as to an injury to a wagon on another portion of the same road, about 200 yards distant from the place of plaintiff's injury, was rightly excluded.

*(3)   Bill of Exceptions.*

Where exception was taken to the granting of a request to charge, and such exception is found to be without merit, language of the court used in the charge subsequent to the reading of the request, which was not referred to at the time of taking the exception, nor mentioned in the bill of exceptions, is not before the court for consideration.

*(4)   Defects in Highways.   Instructions.*

In a personal injury action arising out of a defect in a highway, charge that if the jury found certain facts they should find for the defendant constituted reversible error, for while there was evidence as to certain facts set forth in the request which it was proper for the jury to consider in relation to the question of contributory negligence, warranting the instruction to consider such circumstances on the question of the due care of plaintiff, the instruction in the form given might well be understood as a positive instruction to find for defendant.

*(5)   Defects in Highways.   Instructions.*

Where there was nothing in the evidence to warrant a reference in instructions to the jury to the plaintiff's dress as an element to be considered in relation to her due care, but it simply appeared that, being a woman, she was dressed in woman's clothes, which in no degree contributed to her fall from the cart, the instructions constituted reversible error.

TRESPASS ON THE CASE for injury by defect in highway. Heard on exceptions of plaintiff and certain exceptions sustained.

PARKHURST, C. J. This was an action of trespass on the case, brought under the statute relating to suits against towns for bodily injuries suffered by reason of defect or want of repair upon highways (Chapter 46, Gen. Laws, 1909, §§ 15-18); the suit was brought against the town treasurer of the town of Exeter, to recover for bodily injuries alleged to have been suffered by the plaintiff by reason of the negligence of the town of Exeter in failing to keep in repair and in a condition safe and convenient for travelers, a portion of a certain highway in said town known as the " Ten Rod Road," said portion of said highway being a few rods east of the house occupied by the plaintiff and her husband. The case was tried before a justice of the Superior Court, sitting in Washington County, with a jury, September 28-October 1, 1915, and resulted in a verdict for the defendant.

After the denial of a motion for new trial on behalf of plaintiff, filed and heard in due course, the plaintiff seasonably prosecuted a bill of exceptions to this court, and the case is now before this court upon said bill of exceptions.

It appeared in evidence that the plaintiff was a woman of fifty-one years of age, who had been for many years in the habit of both riding and driving horses over the road in question and elsewhere, and who was experienced in driving horses attached to vehicles of various kinds; that on the day the injuries are alleged to have been suffered by her, she was driving a pair of mules hitched to a four-wheel tip-cart of a type in common use in the country; that the seat in use on this cart was a mowing machine seat of iron or steel supported by a somewhat flexible piece of steel which was attached beneath the

seat and extended downward to the middle tongue of the cart and was there securely fastened; there was some spring to this support of the seat, and the driver sitting in this seat could obtain support for the feet upon the middle tongue, which was about a foot wide, or upon the forward axle. The plaintiff in substance testified that as she was driving the mules at a walk in a westerly direction towards her house, which was a short distance away, she saw a stone in the right-hand rut of the road projecting upwards several inches from the ground; that she tried to avoid this stone by pulling the mules slightly to the left; that the forward wheels of the cart passed by the stone, but that on account of the depth of the ruts the hind wheels did not leave the ruts; that the off hind wheel struck the stone and made a grinding noise; that this noise started the mules, they jumped, and got away, and she was thrown forward and to the left and fell to the ground between the nigh mule and the forward wheel; that both wheels went over her body and she was thereby severely injured.

There was much evidence in the case which was very conflicting as to the condition of the road at and near the place of the accident, plaintiff and her husband and witnesses on her behalf testifying that the road was very rough, deeply rutted and with many projecting stones, making it unsafe and inconvenient for travelers, and that it had been in such condition without repair for a long time prior to the injury; while on the other hand defendant's witnesses testified that that portion of the road was in as good and safe condition as the ordinary country roads in the town. There was also evidence from which defendant argues that the jury could find that the plaintiff was guilty of contributory negligence; and the defendant also argues that the preponderance of the evidence shows that the town had not been guilty of negligence in regard to the repair of the road. We will

not attempt to discuss the weight of the evidence upon any point, because we find some errors in the charge to the jury, upon which certain of plaintiff's exceptions are based, which are, in our opinion, of sufficient importance to warrant a new trial, where the weight of evidence will again become a question for another jury.

(1)   Plaintiff's first exception is based upon the exclusion by the trial justice of certain testimony as shown on page 129 of the transcript; the witness under examination on behalf of the plaintiff was Amoe E. Whitford, the husband of the plaintiff; he had previously testified to the bad condition of the highway at and near the scene of the injury; that it had for a long time been out of repair and in a very rough condition with deep ruts and stones, and that he had prior to the injury made numerous complaints as to its condition to certain individual residents of the town, to the highway surveyor, George E. Tefft, to the town council when in session, and to certain members of the town council when the council was not in session, the apparent purpose of which testimony was to show, under the provisions of Gen. Laws, 1909, Chap. 46, § 15, that the town, prior to plaintiff's injury, " had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part." The witness again testified that he talked about this road, " Talking to Charlie Sweet,— one of the Town Councilmen we were talking to "; and thereupon objection was made by defendant's attorney to the effect that complaint must be made or notice given to the Town Council as a body and that notice to a town councilman individually was not notice to the town. Plaintiff's attorney in effect insisted that such notice to a town councilman was notice to the town, but the justice ruled otherwise and plaintiff's exception was noted.

We find no error in this ruling. This court, in the case of *Jordan* v. *Peckham,* 19 R. I. 28, expressly held that

notice to a member of the town council of a town of a defect in a highway is not actual and express notice of the defect to the town. See, also, *Seamons* v. *Fitts,* 21 R. I. 236, 240, *et seq.* Exception 1 is overruled.

(2) Exception 2 was also to a certain exclusion of evidence offered on pages 153-155 of the transcript, with reference to an injury to a wagon belonging to the witness Boss on another portion of the same road, about 200 yards distant from the scene of the plaintiff's injury. This evidence was rightly excluded, and Exception 2 is overruled.

Exceptions 3-5 inclusive are not pressed.

Exception 6, as stated in the bill, was to that portion of the charge in which the justice "referred to the plaintiff as sitting ' perched ' on the seat and her feet dangling, exception thereto appearing on page 362 of said transcript, *etc.*" We find that the portion of the charge referred to in this exception, taken with the context, as the situation was explained and left to the jury, did not constitute reversible error; this exception is overruled.

(3) Exception 7 was taken to the granting of the defendant's fifth request to charge the jury; we find no error therein; and this exception is overruled. Certain language used in the charge subsequent to the reading of this request, upon which argument in the brief upon this exception is founded, was not referred to by counsel at the time of taking the exception nor is it mentioned in the bill of exceptions; it is therefore not before us.

Exceptions 8, 9 and 10 were taken to the granting of the defendant's requests Nos. 6, 7 and 8; we find no reversible error therein and these exceptions are overruled.

Exception 11 is not pressed.

Exception 12 was taken to the granting of the defendant's request No. 12, which reads as follows:

(4) " 12. That if the jury find that the plaintiff saw friends at her home when approaching the rock in ques-

tion and in her desire to hasten and meet them she struck the mules, and the exertion in reaching to hit the mules and their suddenly increased speed, the cart at the same time coming in contact with the stone in question and thereby giving it a jolt, which threw the plaintiff from her seat to the ground, then under the evidence of this case the jury will find for the defendant.''

We think this instruction was misleading and tended to confuse the jury as to their duty under the evidence. There was evidence before the jury as to certain facts, set forth in this request, which it was proper for the jury to consider in relation to the question of contributory negligence; but this instruction in this form was such that the jury might well have understood it as a positive instruction to find for the defendant; we think this instruction went too far, and was erroneous and misleading, and that the jury should only have been instructed that they were entitled to consider and weigh all these several circumstances in coming to their conclusion upon the question whether the plaintiff was in the exercise of due care just prior to the injury. This exception is sustained.

Exception 13 is overruled.

Exceptions 14 and 15 were taken to the granting of the defendant's requests Nos. 14 and 15, which read as follows:

" 14. That the jury will consider whether the plaintiff was not guilty of negligence in attempting to sit upon such a seat as the one in question dressed as she was when driving over a road which was in the condition in which she knew this one to be.

" 15. If the plaintiff assumes unusual and uncommon risks when driving over the roads of a town, on account of her manner of dress and the nature of the vehicle in which she is driving, and the accident is caused in part by such risks so assumed, the plaintiff cannot recover.''

There was nothing in the evidence to warrant the reference in these instructions to the plaintiff's dress as an element to be considered in relation to plaintiff's due care. It simply appears that, being a woman, the plaintiff was dressed in woman's clothes; it nowhere appears that such clothes as she wore hampered her movements in any way or in any degree contributed to her fall from the cart. These instructions were therefore erroneous, as tending to introduce immaterial matter which might mislead the jury. Exceptions 14 and 15 are sustained.

Exception 16 is overruled.

Exception 17-20 all relate to the denial of the plaintiff's motion for a new trial based upon the grounds that the verdict was against the law, the evidence and the weight of the evidence; as we have already said, we do not in this proceeding attempt to discuss or determine these questions for the reason that a new trial must be granted for errors of law in the charge to the jury, and at such new trial the weight of evidence will then become a question before another jury.

Plaintiff's exceptions Nos. 12, 14 and 15 are sustained; all of the other exceptions are overruled; the case is remitted to the Superior Court to be holden in Washington County for a new trial.

*Frederick C. Olney, J. Jerome Hahn,* for plaintiff.
*Nathan B. Lewis, Tillinghast & Collins,* for defendant.